# SUPREME COURT.

## Thomas Gearty agt. The Mayor, Aldermen and Commonalty of the City of New York.

*Title acquired by the city of New York, under a certain act, when it becomes a fee.*

Where the Mayor, &c., of the city of New York acquire title to land, in the manner and by the proceedings prescribed in the act to vest certain lands, &c., in the Mayor, &c., of the city of New York, passed April 22 1834, the corporation acquires thereby an estate in fee simple absolute.

Where such land is sold by the corporation at public auction by the commissioners of the sinking fund, it is no valid objection by the purchaser to taking the title, that the corporation could only acquire their title under said act for public purposes, where the premises had not been in use for a number of years; nor was there any evidence that they were reserved for any public use.

The purchaser will, in such case, acquire a title which will vest in him an absolute estate in fee simple, and there is no source from which he will receive trouble. He will be required to pay the interest and taxes from the time of the sale.

*New York Trial Term, January,* 1875.

Van Vorst, *J.* — The property in question does not appear to have been taken by the defendants for any special use. There is nothing in the act authorizing the defendant to acquire the title which directs its use. The title of the act is in these words: "An act to vest certain lands, tenements and hereditaments in the mayor, aldermen and commonalty of the city of New York, for certain purposes." What these purposes are is not declared.

The title was acquired in the manner and by the proceedings prescribed in the act entitled, An act to vest certain lands,

&c., in the mayor, aldermen and commonalty of the city of New York, passed April 22, 1834. This act provided for the appointment of commissioners to make a just estimate of the loss and damage to the owners of the land, by and in consequence of relinquishing the same to the mayor, aldermen and commonalty of the city of New York, and to report thereon to the supreme court; and upon the confirmation of the report, the title in the corporation was to be absolute.

The corporation acquired an estate in fee simple absolute to the property, by virtue of the proceedings under the act last above mentioned (*see, also, act of April* 26, 1839, *chap.* 318).

It appears by the evidence that the premises in question, at the time of the sale thereof by the commissioners of the sinking fund, in October, 1867, were and had been for a number of years unoccupied. They were not in use, nor is there any evidence that the premises were reserved for any public purpose.

It is true that private property could only be taken by the defendant in the manner in which the title to the premises in question was acquired for public purposes.

But having paid the full value for the property to the owners, there can be no valid reason assigned why the corporation should not sell and dispose of the same when the use to which it was devoted should terminate, or when it should cease to be reserved for public use (*Heyward* agt. *The Mayor of N. Y.*, 7 *N. Y.*, 314; *Brooklyn Park Commissioners* agt. *Armstrong*, 45 *N. Y.*, 234).

The commissioners of the sinking fund were empowered to sell at public auction any real estate belonging to the city, and not in use or reserved for public purposes (*Ordinance approved* 22d *February*, 1844, *sec.* 17; *also Laws of N. Y.*, *chap.* 225, 1845; *Davies' Laws, p.* 890, &c., &c.).

The length of time which has elapsed since the title was acquired, and the fact that the premises still remain unoccupied, is controlling evidence that the premises are not required

for public use, and, in the absence of proof to the contrary, are not reserved for public purposes.

There, doubtless, is a presumption, arising from the manner in which the property was originally taken, that the same was needed for public purposes; but having remained so long unused and unappropriated, there is no presumption that the same is reserved for such purposes in the future.

If so reserved, the fact should have been established to defeat the sale made by the commissioners of the sinking fund.

It appears that a deed of conveyance was duly prepared, and has been at all times ready for delivery at the comptroller's office, where the consideration was to be paid.

I can see no good reason why the plaintiff should not comply with the terms of sale, and complete his purchase. The title he will acquire will vest in him an absolute estate in fee simple, and there is no source from which he will receive trouble.

He should, therefore, perform the contract of sale made to him, by accepting the deed made and executed at the time, and by paying and securing the balance of the purchase-money, as provided in the terms of sale.

I see no valid reason why he should be relieved from the payment of interest and taxes. The premises have been held for him. It was his duty to comply with the terms, and receive the deed at the time appointed. Had he so done, he would have enjoyed the use of the property. There is no evidence that the defendants have received any rent or profit from the premises in the interim.

The plaintiff can only make the defendant whole, under the contract and terms of sale, by paying interest and taxes. The relief demanded by plaintiff in his complaint is denied, and, under the prayer for affirmative relief in the answer, the plaintiff is adjudged to complete and perform the contract of purchase mentioned in the complaint.